Curia, per Harper, Ch.
We concur with the chancellor, that the present complainants, the administrators de bonis non, stand in the place of the first administratrix, and are bound wherever she could be bound, and concluded by whatever would conclude her. The object of the bill is to set aside the sale on the ground of fraud. Now, there might be an actual fraud practised on the administra-trix herself, which she herself might sustain a bill to be relieved against; but there is no ground for supposing that any such imposition was practised on her, and so the chancellor has concluded. The charge is, that she fraudulently combined with the defendant to effect the sale, and so defeat the rights of the separate creditors of James R. Pickett. It would seem from the bill, that there could have been no fraud intended on distributees, for the allegation is, that he purchased in trust for those who were the distributees. — ■ The administratrix, in general, represents all creditors and distri-butees, and they cannot be heard but through her, and are bound by her acts. Only, in the case of a fraudulent collusion to misapply the assets, these may be followed by creditors and distributees themselves; but certainly not by her successors in administration. In such case, however, it is necessary that the administratrix herself, or she being dead, her personal representative should be a party to the suit, as being liable in the first instance ; and the bill *49 could not be sustained in its present form, for the want of such a party. It does not appear to us that the fraud, if any fraud existed, could have been in the sale itself. The bill charges that the ad-ministratrix fraudulently combined with the defendant to force an unnecessary sale, and so obtain the property at an under price, in trust for the administratrix herself and the children of her intestate. But the evidence is perfectly satisfactory and uncontradicted, that the property sold for a very full and indeed a high price. There could then have been no fraud in this respect, and the purchase in trust would be evidence, not of fraud, but of very liberal bounty. Even if the sale were unnecessary, this would not be conclusive of fraud, when it was made on advantageous terms. But, certainly, the intestate’s estate was largely indebted, which rendered an extensive sale necessary. With the existence of the alleged trust, we have nothing to do in the case between the present parties. — ■ But there is a claim which the administratrix herself, if she were living, might certainly sustain against the defendant. Though he purchased at an adequate price, it appears that he has not yet paid the purchase money. So far as he paid to the sheriff, we think he must be credited, but beyond that, there remains a large balance, which seems still to be due. If we were to suppose that the admin-istratrix, admitting, however falsely and collusively, the defendant to be a creditor of her intestate’s estate, to the amount of the balance, permitted him to retain it as his own, the complainants, her successors, would be bound by her acts. But there is no evidence of this, and certainly we are not authorized to presume it. It is easy, from all the circumstances, to see the true nature of the transaction. There were debts of the firm to which the defendant was liable at law, but to which the estate of the intestate was bound to contribute — or perchance to pay in full. The defendant had also a personal claim on the estate of the intestate. The balance was left in his hands, or retained by him, that he might apply it to the satisfaction of demands to which the estate was liable, and the complainants have a right to an account of the manner in which he has performed this trust. For this reason, we have thought it necessary to enlarge the order for an account so as to embrace not only the partnership, but all other transactions between the parties. This is not a suit to distribute the estate of an insolvent, in *50 which we are to marshal assets and determine priorities. If the defendant is now a creditor of the intestate, on the score of his personal claims, or has made himself so by paying off debts which the intestate’s estate was bound to pay, he has a right to retain the balance of the purchase money, as against the complainants, whatever may be his liability to separate creditors. There are no separate creditors before us. It is plain that the administratrix concurred in his retaining the fund for the purpose of paying himself, or discharging any liability -to which the estate was subject.
Clarice & M’Dowell, Sol. for complainants.
M’Call & Preston, for defendant.
In taking the partnership account, if the defendant contributed an equal amount of capital and was entitled to an equal share of the profits, it may be, as the intestate was the acting partner who had the goods in his hands and for the most part received the profits, that he may be found a creditor. If, such were the terms of the partnership, then after exhausting the partnership assets in defendant’s hands, the intestate’s estate was bound to contribute one-half towards paying off the partnership debts. If, as defendant alleges, he only lent his name to the firm and claimed no share of the profits, then the intestate’s estate was bound, as between the parties, for the whole of the debts. If the defendant, as surviving partner, has occasioned the loss of assets, as by improperly discharging the suit against Cassity; or by neglecting to collect debts which he might have collected, he will be chargeable with the amount of this loss. All these things may be inquired of on the reference, and it will determine how far the estate was bound to contribute to the payment of the debt to Robinson and the other partnership debts, which defendant alleges he has paid. If, as suggested in argument, the money advanced to the intestate, being the proceeds of his note, endorsed by defendant and discounted in bank, was in fact applied to partnership purposes, this also may be a subject of inquiry — in short, as I have said, all the money transactions between the parties, so as to show the present state of the accounts between them: And it is ordered accordingly.
Johnson, Dunkin and Johnston, Chancellors, concurred.